CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHELDON BERNARD GRAY,<br>Petitioner, | )<br>) Civil Action No. 7:06CV00252<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| L.W. JARVIS,<br>Respondent. | ) By: Hon. Jackson L. Kiser<br>) United States District Judge |

Sheldon Bernard Gray, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Gray challenges the validity of his convictions in the Circuit Court for the County of Russell. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

Gray was found guilty of three counts of selling or distributing a schedule II controlled substance on February 9, 2001. He was subsequently sentenced to a total term of imprisonment of twenty years, with five years suspended. On November 20, 2001, the Circuit Court suspended an additional six months from Gray's sentence, pursuant to Virginia Code § 19.2-303.

Gray did not file a direct appeal from his conviction or sentence. However, on April 29, 2002, Gray filed a petition for writ of habeas corpus in the Circuit Court for the County of Russell. The Circuit Court held an evidentiary hearing on October 23, 2003, and on July 23, 2004, the petition was dismissed. Gray appealed the dismissal of the petition to the Supreme Court of Virginia. After full briefing, the Supreme Court affirmed the Circuit Court's decision on November 4, 2005.

Gray executed the instant petition on April 26, 2006. The petition includes the following claims:

I. Gray's trial counsel was ineffective for failing to note an appeal to the Court of Appeals of Virginia.

II. Gray's trial counsel was ineffective for not conducting an adequate voir dire or objecting to the inclusion of certain members of the venire, and the trial court erred by failing to remove one juror sua sponte.

III. Gray's trial counsel was ineffective for failing to inform him that a plea agreement had been offered by the Commonwealth.

IV. Gray's trial counsel was ineffective for failing to present mitigating evidence at sentencing.

On May 18, 2006, the respondent moved to dismiss the petition. Since the petitioner has now filed a response to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529

2

U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A.  Claim I

In claim I, Gray contends that his trial counsel was ineffective for failing to note an appeal to the Court of Appeals of Virginia. Gray raised the same claim in his state habeas petition. The Circuit Court ultimately concluded that Gray's claim was without merit. In reaching this conclusion, the Circuit Court made the following findings of fact:

> The Court finds that [trial counsel's] affidavit clearly demonstrates that the Petitioner was advised, along with his mother, Ms. Elsie Irene Gray, of the right to appeal the decision from the Russell County Circuit Court to the Virginia Court of Appeals and also of the time constraints for such an appeal. [Trial counsel] further advised both the Petitioner and his mother that his services were only retained for the purpose of trial, not appeal. Further, [trial counsel's] affidavit indicates that the Petitioner never asked for him to appeal the decision and the Petitioner presented no evidence that he did in fact request his attorney [to] appeal to the Virginia Court of Appeals. Therefore, as no request for an appeal was ever made by the Petitioner, [trial counsel] could not be ineffective for not filing an appeal.
>
> Although both the Petitioner and his mother signed affidavits under oath swearing that [trial counsel] did not advise him of his right to appeal or that [trial counsel] was retained only for the trial proceedings, the transcript from the evidentiary hearing contradicts both affidavits.

(June 16, 2004 Op. Letter at page 3). On appeal, the Supreme Court of Virginia held that the record supported the Circuit Court's finding that Gray's trial counsel was never requested to note an appeal. Thus, the Supreme Court concluded that counsel's failure to note an appeal could not be considered ineffective assistance. See Gray v. Greene, No. 042413 (Va. Sup. Ct. Nov. 4, 2005) (citing Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)).

3

Having reviewed the record, I agree with the respondent that the Supreme Court's decision is entitled to deference under § 2254(d). In Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), the United States Supreme Court held that the test for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668, 669 (1984)[1], applies to claims that counsel was ineffective for failing to file a notice of appeal. The Supreme Court explained that "the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent question: whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478. The Supreme Court further explained that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

In this case, the Supreme Court of Virginia found that Gray never requested counsel to note an appeal, despite being advised of his appellate rights. As a result, the Court determined that counsel's failure to note an appeal did not constitute ineffective assistance under Roe. Because Gray has failed to establish that the Supreme Court of Virginia's decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts, claim I must be dismissed.

B.  Claim II

In claim II, Gray contends that his trial counsel was ineffective for not conducting an adequate voir dire or objecting to the inclusion of certain members of the venire. Gray also

---

[1] In Strickland, the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Strickland, 466 U.S. at 687-688.

4

contends that the trial court erred by failing to remove one juror sua sponte. Gray raised the same claim on appeal in the state habeas case. The Supreme Court of Virginia concluded that the claim was barred by Rules 5:17(c) and 5:25 of the Rules of the Supreme Court of Virginia.[2] The United States Court of Appeals for the Fourth Circuit has held that both of these Rules provide an adequate and independent state ground for the denial of habeas relief. See Hedrick v. True, 443 F.3d 342, 363 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 583 (4th Cir. 1999); Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). Consequently, claim II is procedurally defaulted and may not be reviewed by this court, unless Gray demonstrates "cause for, and resulting prejudice from, the default or that he has suffered a fundamental miscarriage of justice." Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). Because Gray has not made either showing, claim II must be dismissed.

C. Claim III

In claim III, Gray alleges that his trial counsel failed to inform him of a plea agreement that had been offered by the Commonwealth's Attorney. Gray raised the same claim in his state habeas

---

[2]Rule 5:17(c) provides, in pertinent part as follows:

Form and Content. Under a separate heading entitled "Assignments of Error," the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court. Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court. An assignment of error which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the petition for appeal does not contain assignments of error, the appeal will be dismissed.

Rule 5:25 provides as follows:

Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.

5

petition. The Circuit Court concluded that the claim was without merit. The Circuit Court found that Gray's trial counsel had negotiated a plea offer from the Commonwealth's Attorney, and that he had discussed the plea offer with Gray. (June 16, 2004 Op. Letter at page 6).

In affirming the Circuit Court's decision, the Supreme Court of Virginia explained as follows:

> In addressing the issue in its opinion letter, the circuit court found that "[t]he evidence presented at the habeas corpus hearing clearly established that [trial counsel] negotiated a plea offer from the Commonwealth's Attorney, discussed the plea [agreement] with [appellant], and that [appellant] expressly rejected the plea offer." Apparently in response to an argument raised by the Commonwealth that appellant's motivation for rejecting the plea agreement was an "unwilling[ness] to give up his drug habit by going to jail," the circuit court made an additional finding that "[t]he evidence also established that [appellant] was a drug addict ... both before and during the trial proceeding and that his judgment was affected."
>
> Appellant's testimony was that his trial counsel never discussed the plea agreement with him. Trial counsel testified that he had discussed the plea agreement appellant at length and that appellant had maintained his innocence and stated that he would not plead guilty. Trial counsel supported his testimony with business records. Under familiar principles, the circuit court was entitled to resolve any conflicts in the evidence and to accord the testimony of each witness the weight it determined to be appropriate. McCloud v. Commonwealth, 269 Va. 242, 260, 609 S.E.2d 16, 25 (2005). Accordingly, we hold that the circuit court did not err in finding that trial counsel had presented the plea agreement to appellant, who rejected it.

See Gray v. Greene, No. 042413 (Va. Sup. Ct. Nov. 4, 2005). Having reviewed the record, I agree with the respondent that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Accordingly, claim III must be dismissed.

D.  Claim IV

In his fourth claim, Gray alleges that his trial counsel was ineffective for failing to present mitigating evidence at sentencing. Gray raised the same claim in his state habeas petition. The

6

Circuit Court concluded that Gray failed to establish either prong of the <u>Strickland</u> test. Specifically, the Circuit Court noted in its final order that the "decision not to present mitigating evidence at the penalty phase of the jury trial was a reasonable strategic decision and that the petitioner was not prejudiced by that decision." (July 23, 2004 Order at page 3). On appeal, Gray argued that the Circuit Court erred in finding that trial counsel's failure to present mitigating evidence at sentencing was a tactical decision. However, Gray did not assign error to the Circuit Court's finding that no prejudice resulted from the decision. Consequently, the Supreme Court of Virginia held that Gray had waived the issue of prejudice, and thus, that he could not establish an essential element of the <u>Strickland</u> test. <u>See</u> <u>Gray v. Greene</u>, No. 042413 (Va. Sup. Ct. Nov. 4, 2005) (citing Va. Sup. Ct. Rule 5:17(c); <u>Curo v. Becker</u>, 254 Va. 486, 488 n.3, 493 S.E.2d 368, 369 n.3 (1997)). Because Gray has failed to show that this conclusion involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts, Gray's fourth claim must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

**ENTER:** This 27th day of July, 2006.

Senior United States District Judge